## STEVE P. GIETKA *v.* COUNTY EXECUTIVE FOR BALTIMORE COUNTY ET AL.

[No. 123, September Term, 1977.]

*Decided June 20, 1978.*

The cause was argued before SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Andrew H. Kahn,* with whom was *Jerome Blum* on the brief, for appellant.

*John A. Austin, Assistant County Solicitor,* with whom were *J. Carroll Holzer, County Solicitor,* and *Thomas R. Kane, Assistant County Solicitor for Baltimore County,* on the brief, for appellees.

COLE, J., delivered the opinion of the Court.

Appellant (Steve P. Gietka) filed his petition in the Circuit Court for Baltimore County seeking a writ of mandamus accompanied by a motion for summary judgment directing Baltimore County to pay to him and others similarly situated certain retirement benefits. The trial court denied the motion and dismissed the petition. He appealed to the Court of Special Appeals; however, we granted certiorari prior to that court's consideration of the matter.

The sole question presented by this appeal is whether the appellant, a retired employee of Baltimore County, is entitled to receive increased pension benefits as of the effective date of a new pay schedule promulgated pursuant to a new county law. That question arises out of the following facts:

Appellant, a former member of the Baltimore County Fire Department for twenty years, retired August 1, 1975, having attained the rank of captain. His salary was $19,271 and he received one-half thereof, $9,635, as his pension pursuant to Section 20-71 of the Baltimore County Code, 1968 (1974 Cum. Supp.).

On April 29, 1975, the Baltimore County Council enacted into law Bill No. 27-76 which repealed Title 21 (Personnel) Section 12 of the Baltimore County Code, 1968 and enacted in lieu thereof a new Title 21 Section 12 which adopted and incorporated by reference a new Classification and Compensation Plan for County employees. The new plan was to become effective June 1, 1976. It allocated each class title within the Baltimore County Fire Department to a salary grade and a corresponding salary schedule. Under this new schedule the class title of fire captain was assigned a salary

grade known as 8F and the annual salary for grade 8F with twenty years longevity is listed as $20,194. Appellant claims, therefore, that he is entitled to an increase in his annual pension to $10,097 as of June 1, 1976. The appellees contend that, since the new law contains "phase in" provisions, the appellant is not entitled to any increase in his pension benefits until the anniversary date of his initial employment in Baltimore County. From this statement of the case it appears that the only question presented is one of statutory construction, and involves an examination of certain sections of the Baltimore County Code affecting the compensation and pensions of active and.retired members respectively of that county's fire department.

Initially we note that Title 20 and Title 21 are separate and distinct, each dealing with different subject matter. Title 20 relates to matters involving pensioners and retirees, while Title 21 relates to current or active employees of Baltimore County. Those sections of Title 20 pertinent to our resolution of the present question are codified in the Baltimore County Code 1968 (1974 Cum. Supp.) as follows:

Section 20-71

The pensions of retired firemen shall at all times be equal to one-half of the salary of an active member of the fire department of the same rank the pensioner held at the time of his retirement.

Section 20-73

The County is hereby authorized to increase the pensions of retired firemen in order that a retired fireman shall at all times receive a sum equal to one-half of the salary of an active member of the fire department of the same rank the pensioner held at the time of his retirement.

Section 21-12 was repealed and reenacted by Bill No. 21-76 and as codified in the Baltimore County Code 1968 (1976 Cum. Supp.) incorporated by reference the classification and

compensation plan of the County. Regulation 13.03 under Rule 13 of that plan reads as follows:

> Rule 13: Merit and probation increases within a pay range.
>
> * * *
>
> Regulation 13.03 Merit increase for sworn employees of the sheriff's, police, and fire departments.
>
> A. For the purpose of implementation of Regulation 13.03 on July 1, 1976, all sworn employees of the sheriff's, police and fire departments who are currently employed and who have completed their probationary periods shall be eligible for their in-grade merit increase on the anniversary date of their original appointment as a deputy sheriff, police officer or firefighter in their respective departments.

We have in our prior decisions repeatedly recognized the cardinal rule of statutory interpretation that the intent of the legislature is to be sought in the first instance from the words used in the statute and in ascertaining that intent the Court will consider the words in their natural and ordinary signification. *Schweitzer v. Brewer,* 280 Md. 430, 374 A. 2d 347 (1977); *Harden v. Mass Transit Adm.,* 277 Md. 399, 354 A. 2d 817 (1976); *Md.-Nat'l Cap. P. & P. v. Rockville,* 272 Md. 550, 325 A. 2d 748 (1974). Where there is no ambiguity in the language, the words used are conclusively presumed to express the intent of the body enacting the legislation.

After an examination of Sections 20-71 and 20-73, it is clear to us that the County Council intended that a retired fireman would be entitled to receive one-half of the salary of an active fireman of the same rank at the time of retirement. It is equally clear that whenever the County Council increased the salary of an active fireman a retiree of the same rank would be entitled to an amount equal to one-half of that increase. To hold otherwise, would give no meaning to the phrase repeated in both sections — "at all times." Thus, when the

existing salary for employees was revamped and new class titles and new rates of compensation were assigned to existing payroll positions, a benefit accrued to all retirees.

The appellees admit to this thesis but contend that this benefit does not accrue until the retiree reaches the anniversary date of his employment, relying on Regulation 13.03. However, what the appellees fail to consider is that Regulation 13.03 is directed to the time and conditions under which active employees will benefit from the new plan. There are a number of factors which can affect their entitlements, *e.g.,* active employees continue to accrue longevity, and they are subject to promotion and reclassification. The rank and longevity of a retiree are fixed at his retirement; these factors can never again (under the present system) be changed. Retirees will never receive a merit increase. But more important than these observations is the fact that the County Council, if it wanted to delay retirees from receiving the benefit of the new plan until they reached their anniversary date, had only to say so. It did not.

This Court does not discount the fact that good fiscal planning on the part of government requires it oft times to "phase in" increases in salary to its employees to avoid additional tax assessments upon the citizens. However, any language connecting anniversary dates and the receipt of an increase in pensions is noticeable by its absence. We conclude, therefore, that the County Council's intent is unmistakably clear: anniversary dates apply to salary increases of active employees only. Appellant therefore is entitled to receive the increase in pension as of the effective date of the law — June 1, 1976.

The Circuit Court for Baltimore County was in error in denying the motion for summary judgment and dismissing the petition and we reverse.

> *Judgment reversed and case remanded to the Circuit Court for Baltimore County for further proceedings not inconsistent with this opinion; appellees to pay costs.*