# TERRY L. MAUZY ET AL. *v.* DAVID HORNBECK ET AL.

[No. 34, September Term, 1978.]

*Decided May 3, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH and COLE, JJ.

*Daniel I. Sherry*, with whom were *Sherry, Boyer & Nolan, Chartered* on the brief, for appellants.

*Carol S. Sugar, Assistant Attorney General*, with whom was *Francis B. Burch, Attorney General*, on the brief, for appellees.

ELDRIDGE, J., delivered the opinion of the Court.

This case involves the interpretation of a statutory provision dealing with the eligibility of certain community college employees to join the Teachers' Retirement System of the State of Maryland.

Maryland Code (1957, 1978 Repl. Vol.), Art. 73B, §§ 81-102,[1] set forth detailed provisions for the Teachers' Retirement System of the State of Maryland. Article 73B, § 110,[2] authorizes "optional retirement programs" which, generally, may be elected in lieu of membership in the Teachers' Retirement System by persons "who are either members of or eligible for membership in the Teachers' Retirement System . . ." (§ 110 (b)). The section provides that the State shall contribute on behalf of each participant in an optional retirement program the same amount which it would have contributed to the Teachers' Retirement System (§ 110 (e)). Article 73B, § 103 (b), deals with the eligibility of professional and clerical employees of community colleges to

---

1. Formerly Code (1957, 1975 Repl. Vol., 1977 Cum. Supp.), Art. 77, §§ 175 (b) and 190-212.

2. Formerly Art. 77, § 217.

join the Teachers' Retirement System or an optional system under § 110. It provides, *inter alia,* that "[a]ll professional employees" of community colleges shall be eligible to join either the Teachers' Retirement System or an optional system under § 110.[3] The precise issue in this case concerns the plaintiffs' eligibility under § 103 (b).

The present action began when six employees of the Frederick Community College instituted in the Circuit Court for Frederick County, in equity, a declaratory judgment action against the members of the Board of Trustees of the Teachers' Retirement System. The plaintiffs alleged that they were all professional employees of the community college. The plaintiff Noreen Lyne held the title of Director of Student Development; the plaintiffs Lester Haney, James Morrison and John Sheldon were Assistant Directors of Student Development; the plaintiff Terry Lee Mauzy had been Assistant Director of Community Services (Continuing Education); and the plaintiff J. Rolfe Castleman was Assistant Director of Community Services (Public Information and Photography). The bill of complaint went on

---

3. Art. 73B, § 103 (b), was previously codified in Code (1957, 1975 Repl. Vol., 1977 Cum. Supp.), Art. 77A, § 5 (b). It states:

"(b) *Community colleges.* — All professional employees who entered into a contract of employment prior to July 1, 1975 may join the Teachers' Retirement System as established and maintained under this subtitle if any such employee elects to do so within one year following July 1, 1976; or they may join an optional retirement program if adopted by the board as provided in § 110 of this article. All professional employees who enter into a contract of employment after July 1, 1975 shall participate in the Teachers' Retirement System or an optional retirement program if adopted by the board. Clerical employees who entered into a contract of employment prior to July 1, 1975, may join the Teachers' Retirement System if any such employee elects to do so within one year of July 1, 1976. Clerical employees who enter a contract of employment after July 1, 1975, shall participate in the Teachers' Retirement System. However, any eligible professional employee who joined the Teachers' Retirement System in the period July 1, 1975, to June 30, 1976, without exercising his option as provided in this subsection, shall be permitted to withdraw his accumulated contribution in the Teachers' Retirement System. In the event a professional employee or clerical employee elects not to become a member of the Teachers' Retirement System and subsequently becomes a member, he shall not be permitted to purchase credit for service performed prior to his membership in said system."

to describe the particular duties of each of the plaintiffs at the community college. It was further alleged that the plaintiffs had applied to the Board of Trustees of the Teachers' Retirement System, that their applications had been rejected on the basis of a rule or regulation promulgated by the Board of Trustees, and that the rejection resulted in their ineligibility to join an optional retirement program and have contributions paid by the State of Maryland. The plaintiffs also asserted that employees of other community colleges performing comparable services had been allowed to participate in the Teachers' Retirement System. The relief sought was a decree that the regulation of the Board of Trustees, pursuant to which the plaintiffs were denied eligibility, be declared illegal as violative of the statute, that the plaintiffs be declared eligible for admission to the Teachers' Retirement System, and that such eligibility be declared to have existed since July 1, 1976. The plaintiffs also sought a declaration that the Board of Trustees' action violated the Equal Protection Clause of the Fourteenth Amendment.

The Board of Trustees in its answer admitted that all of the plaintiffs were "professional employees of the Frederick Community College." The Board of Trustees further admitted that under a rule promulgated by the Board, the plaintiffs were not eligible to join the Teachers' Retirement System. That rule, as explained in the Board's answer, defined

> "a professional employee of a community college who is eligible for membership in the TRS [Teachers' Retirement System] as '... any administrative, supervisory or instructional employee *in the teaching field (courses offered for college credit* as part of the regular curriculum) in a public Community College ....'" (Emphasis supplied.)

The Board prayed that the above-quoted rule be declared valid and that the plaintiffs be declared ineligible for admission to the Teachers' Retirement System. In a stipulation of facts filed after the answer, it was again acknowledged by the Board that "all the Complainants are

professional employees of the Frederick Community College."

At the trial in the circuit court, the evidence disclosed that all six plaintiffs had in 1976 applied to the Board of Trustees to be declared eligible for the Teachers' Retirement System in order that they could join an optional retirement program with contributions from the State. The evidence also revealed additional information about the plaintiffs, the nature of their positions with the Frederick Community College, and the Board's regulation setting forth eligibility standards for professional employees of community colleges.

For example, it was shown that five of the six plaintiffs had both bachelor's and master's degrees in educational fields and the sixth had a bachelor's degree plus twenty-five years' experience. The plaintiff Noreen Lyne, being Director of Student Development, is responsible for planning, supervising and evaluating counseling services to students. The Board decided that she was ineligible for membership in the Teachers' Retirement System because her "position is involved in the overall planning of counseling involving academic, vocational, financial, and social information. The definition of professional is only extended to include actual academic counselors as eligible for Teachers' Retirement." With regard to the three plaintiffs holding positions as Assistant Directors of Student Development, the testimony showed that one is the chief administrative officer for admissions and the financial aid program, the second counsels students concerning their educational, personal and social goals and career planning as well as engaging in some teaching and administrative duties, and the third is involved in the academic counseling of students, administers the student activity program and does some teaching. One of these Assistant Directors of Student Development was denied eligibility because his position "is basically involved with student aid and recruitment and not directly related to in-class teaching or teaching supervision." The Board declared that the other two were ineligible on the ground that each

"... position fails to meet the criteria of

'professional' as established by Board of Trustee action. The job description provided by Frederick Community College indicates that the position is involved in assisting in the planning of counseling involving academic, vocational, financial and social information. The definition of professional is only extended to include actual academic counselors as eligible for Teachers' Retirement."

The plaintiff Terry Lee Mauzy had been Assistant Director of Community Services prior to September 27, 1977, when he became Director of Community Services. The function of Community Services is to provide non-credit programs for the general public as well as non-credit continuing education courses for certain professions such as nursing, real estate, etc. As an Assistant Director, Mr. Mauzy hired faculty for the non-credit courses, evaluated program development and supervised the clerical staff. When he became Director in September 1977, his duties and responsibilities did not change but, according to his testimony, "have been identical." The defendant Board of Trustees decided that Mr. Mauzy was not eligible to join the Teachers' Retirement System when he was an Assistant Director but that he became eligible when he was appointed Director. As to the period when he was an Assistant Director and the distinction between the two periods, the Board stated:

"All community aides and specialists are excluded from membership. Reacting to requests from presidents of the community colleges, the Board of Trustees agreed to extend membership privileges to the primary employee (one only) of community services. Such individual is generally the dean or director of community services. All other positions in this area are excluded. In the job description provided by Frederick Community College it indicates that this position reports directly to the Dean for Community Services. Since this position is not the primary employee for community services, he is not eligible for membership."

The plaintiff J. Rolfe Castleman, also an Assistant Director of Community Services, was ruled ineligible by the Board for the same reasons.

The Assistant Secretary of Personnel for Retirement Systems, Christ G. Christis, who has served as Secretary to the Board of Trustees of the Teachers' Retirement System since 1961, testified on behalf of the Board. Mr. Christis stated that "[b]ecause the term ['professional employee'] as it read in Article 77A was too broad in nature," the Board of Trustees in 1974 adopted a rule which defined "professional" employees of community colleges in a manner "parallel with the term 'teachers' in Article 77" which is applicable to the eligibility of public elementary and secondary school personnel.

At the conclusion of the trial, the Chancellor, indicating orally that he believed that the Board was authorized "to define 'professionals' as they did," stated that he would deny the relief sought in the bill of complaint. Subsequently, a brief order was filed directing "that the Bill of Complaint for declaratory relief is dismissed." The plaintiffs took an appeal to the Court of Special Appeals and, prior to any proceedings in the Court of Special Appeals, filed in this Court a petition for a writ of certiorari. In light of the novel statutory interpretation issue, we granted the petition.

Preliminarily, we note that regardless of our views on the statutory interpretation issue before us, the order of the circuit court in this case should be reversed for an entirely different reason. As previously mentioned, both sides in this declaratory judgment action sought a decree setting forth the court's resolution of the disputed legal matters. However, instead of declaring the parties' rights and resolving the issues, the circuit court merely dismissed the bill of complaint. This was improper.

The repeated decisions of this Court, as well as the wording of the Declaratory Judgments Act, make it clear that in an action appropriately brought under the Declaratory Judgments Act, seeking a declaration of rights under a statute, regulation, contract, etc., there should ordinarily be a decree passing upon and adjudicating the issues raised.

*Robert T. Foley Co. v. W.S.S.C.,* 283 Md. 140, 154-155, 389 A. 2d 350 (1978); *Dart Drug Corp. v. Hechinger Co.,* 272 Md. 15, 29, 320 A. 2d 266 (1974); *Logan v. Town of Somerset,* 271 Md. 42, 314 A. 2d 436 (1974); *Borders v. Board of Education,* 259 Md. 256, 258-259, 269 A. 2d 570 (1970); *Balto. Import Car v. Md. Port Auth.,* 258 Md. 335, 338-339, 265 A. 2d 866 (1970); *Woodland Beach Ass'n v. Worley,* 253 Md. 442, 447-448, 252 A. 2d 827 (1969); *Reddick v. State,* 213 Md. 18, 130 A. 2d 762, *cert. denied,* 355 U. S. 832, 78 S. Ct. 50, 2 L.Ed.2d 44 (1957); Maryland Code (1974, 1978 Cum. Supp.), § 3-406 of the Courts and Judicial Proceedings Article. As Chief Judge Hammond said for the Court in *Hunt v. Montgomery County,* 248 Md. 403, 410, 237 A. 2d 35 (1968):

> "In Maryland this Court has said time and again that seldom, if ever, in a declaratory judgment proceeding should a demurrer be sustained or the bill or petition dismissed without a declaration one way or the other of the rights of the parties."

Earlier, in *Shapiro v. County Comm.,* 219 Md. 298, 302-303, 149 A. 2d 396 (1959), Judge Prescott for the Court explained the principle as follows:

> "Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree."

Consequently, even if we agreed with the defendants' position on the merits of the case, we would vacate the judgment below and remand the case for the entry of an appropriate decree. *Robert T. Foley Co. v. W.S.S.C., supra,* 283 Md. at 155.

Our disagreement with the position taken by the circuit court is, however, more basic. Under the plain language of the statute delineating what community college employees are entitled to join the Teachers' Retirement System, the plaintiffs were entitled to the requested declaration that they are now eligible for admission to the Teachers' Retirement System, that they have been eligible since July 1, 1976, and that the Board's rule limiting eligibility to professional employees of community colleges "in the teaching field (courses offered for college credit)" is invalid.

This result is compelled by fundamental principles of statutory interpretation, reiterated countless times by this Court. First, our function in interpreting and applying the statutory provision prescribing the eligibility of community college employees to join the Teachers' Retirement System, and the duty of the Board of Trustees in administering that provision, is to ascertain and effectuate the real intention of the Legislature. *Frank v. Baltimore County,* 284 Md. 655, 658, 399 A.2d 250 (1979); *White v. Prince George's Co.,* 282 Md. 641, 658-659, 387 A. 2d 260 (1978); *Wheeler v. State,* 281 Md. 593, 596, 380 A. 2d 1052 (1977), *cert. denied,* 435 U. S. 997, 98 S. Ct. 1650, 56 L.Ed.2d 86 (1978); *Schweitzer v. Brewer,* 280 Md. 430, 438, 374 A. 2d 347 (1977); *Mazor v. State, Dep't of Correction,* 279 Md. 355, 360, 369 A. 2d 82 (1977); *Guy v. Director,* 279 Md. 69, 72, 367 A. 2d 946 (1977). And in ascertaining that legislative intent, the primary place to look is the language of the statute itself. *Gietka v. County Executive,* 283 Md. 24, 27, 387 A. 2d 291 (1978); *Schweitzer v. Brewer, supra; Mazor v. State, Dep't of Correction, supra; Guy v. Director, supra; Frericks v. General Motors Corp.,* 278 Md. 304, 314, 363 A. 2d 460 (1976). Furthermore, absent any indication from the statute that the language is being used in a special sense, we assume that the statutory words were

intended to have their natural, ordinary and generally understood meaning. *Board v. Goodsell,* 284 Md. 279, 284, 396 A. 2d 1033 (1979); *State Farm Mut. Auto. Ins. Co. v. Ins. Com'r,* 283 Md. 663, 670, 392 A. 2d 1114 (1978); *Gietka v. County Executive, supra; Wheeler v. State, supra; Coleman v. State,* 281 Md. 538, 546, 380 A. 2d 49 (1977); *Supervisor v. Southgate Harbor,* 279 Md. 586, 591, 369 A. 2d 1053 (1977). Finally, where that statutory language is unambiguous, there is no need to look elsewhere or to consider various rules of statutory construction. Instead, the statutory language should be given effect in accordance with the plain meaning of the words. *Gietka v. County Executive, supra; Criminal Inj. Comp. Bd. v. Remson,* 282 Md. 168, 193, 384 A. 2d 58 (1978); *Wheeler v. State, supra; Guy v. Director, supra; Maryland Auto. Ins. Fund v. Stith,* 277 Md. 595, 597, 356 A. 2d 272 (1976); *Slate v. Zitomer,* 275 Md. 534, 539-540, 341 A. 2d 789 (1975), *cert. denied sub nom. Gasperich v. Church,* 423 U. S. 1076, 96 S. Ct. 862, 47 L.Ed.2d 87 (1976).

Turning to the statutory language here involved, Art. 73B, § 103 (b), states: "(b) *Community Colleges.* — All professional employees . . . may join the Teachers' Retirement System . . . if any such employee elects to do so within one year following July 1, 1976 . . . ." The Legislature did not say that only certain types of professional community college employees may join or that only those who meet eligibility criteria established by the Board of Trustees may join. Instead, it stated without qualification that *all* professional employees of community colleges are eligible to become members of the Teachers' Retirement System. Since the plaintiffs made timely applications, the only issue is whether they are professional employees.

The Legislature did not set forth a definition of "professional employee" for purposes of § 103 (b), nor did it authorize the Board of Trustees or any other agency to promulgate a definition or establish criteria for determining who are community college professional employees.[4]

---

4. With respect to "Teachers" in public elementary and secondary schools who are eligible to join the Teachers' Retirement System, the Legislature did by statute set forth a definition and further provided that "[i]n all cases of doubt," the Board of Trustees should determine whether any person is a

Moreover, nothing in § 103 (b) or in any other statute suggests that the phrase "professional employee" was being used in an unusual or special sense. Consequently, under the settled principles of statutory interpretation set forth above, we give the words their normal, ordinary and generally understood meaning.

As previously mentioned, in the trial court the defendants acknowledged that under the ordinary meaning of the phrase, all six of the plaintiffs were professional employees. This concession was repeated in oral argument before us. Furthermore, there could be little doubt about the matter. For example, in determining the meaning of the term "profession" in a statute, the Court of Appeals of New York in *Steinbeck v. Gerosa,* 4 N.Y.2d 302, 308, 175 N.Y.S.2d 1, 151 N.E.2d 170 (1958), first pointed out that the word was a "common" one and that "[c]ommon words are to be given their commonly understood meaning unless another meaning is obviously intended." The Court then said, quoting Black's Law Dictionary (4 N.Y.2d at 308):

> " 'Profession' has been defined as a 'vocation, calling, occupation or employment involving labor, skill, education, special knowledge and compensation or profit, but the labor and skill involved is predominantly mental or intellectual, rather than physical or manual.' (Black's Law Dictionary [4th ed.], p. 1375.)"

To the same effect, *see, e.g., Marx v. Hartford Accident and Indemnity Company,* 183 Neb. 12, 157 N.W.2d 870, 872 (1968); *Paterson v. University of State of New York,* 14 N.Y.2d 432, 201 N.E.2d 27, 30 (1964); *Maryland Casualty Co. v. Crazy Water Co.,* 160 S.W.2d 102, 104-105 (Tex.Civ.App. 1942); *Board of Sup'rs of Amherst County v. Boaz,* 176 Va. 126, 10 S.E.2d 498, 499 (1940). *See also Dvorine v. Castelberg Corp.,* 170 Md. 661, 670, 185 A. 562 (1936), dealing with

---

"Teacher" as defined in the statute. Code (1957, 1978 Repl. Vol.), Art. 73B, § 81 (3), formerly Code (1957, 1975 Repl. Vol.), Art. 77, § 190 (3). However, this provision is expressly limited to "teachers" who are "employed in a public day school." It has no application to community college professional employees.

the issue of whether optometry was a "learned profession," and pointing out that the concept of learned profession was historically more limited than the literal meaning of the word "profession" which "may be applied to any calling requiring special knowledge of some branch of science or learning ...." Certainly the plaintiffs fall within this meaning. Their positions involve special skill, education and knowledge, and the labor and skill is predominantly intellectual rather than physical or manual. Obviously the normal meaning of "professional employee" is not limited, as the Board's rule states, to employees "in the teaching field (courses offered for college credit)."

As indicated by the testimony below of its Secretary, the Board, for whatever reasons, believed that Art. 73B, § 103 (b) was too "broad," and it took it upon itself to narrow the statute by rule and other administrative action. By so doing, it usurped the authority of the General Assembly. We have many times stated that courts may not, under the guise of statutory construction, remedy possible defects in a statute or insert exceptions not made by the Legislature. *See, e.g., Wheeler v. State, supra,* 281 Md. at 596-597; *Coleman v. State, supra,* 281 Md. at 546-547; *In re Appeals Nos. 1022 & 1081,* 278 Md. 174, 178, 359 A. 2d 556 (1976); *Slate v. Zitomer, supra,* 275 Md. at 540; *Patapsco Trailer v. Eastern Freight.,* 271 Md. 558, 564, 318 A. 2d 817 (1974). The same is true of administrative agencies. If the Board believed that the statute was too broad, it should have gone to the General Assembly and sought an amendment. It was not authorized to ignore the clear legislative directive.

The plaintiffs demonstrated that they were professional employees of the Frederick Community College and, as such, they are and have been eligible for the Teachers' Retirement System as of July 1, 1976. They are entitled to a declaratory judgment to this effect.

> *Judgment reversed and case remanded for the entry of a decree in accordance with this opinion. Respondents to pay costs.*