594 A.2d 621

Carla SONGER

v.

STATE of Maryland.

No. 1256, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Sept. 3, 1991.

Victoria S. Keating, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief) Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Frank R. Weathersbee, State's Atty. for Anne Arundel County of Annapolis, on the brief), for appellee.

Submitted before WILNER, C.J., and MOYLAN and BISHOP, JJ.

BISHOP, Judge.

Following her plea of guilty, the appellant was convicted in the Circuit Court for Anne Arundel County of welfare fraud. She was sentenced to one year of imprisonment. The court suspended that term, and placed her on five years' probation, a condition of which was that she pay restitution in the amount of $2231.00. She was further ordered to pay the costs of the proceedings within sixty days.

The appellant consistently failed to make the required payments toward her restitution obligation. For this failure, she was brought before the court and adjudged to be in violation of her probation on July 9, 1984, and January 18, 1988. On both occasions, her probation was continued.

On July 30, 1990, the appellant was again brought before the circuit court for a violation of probation hearing. Again she was adjudged to be in violation of her probation for failure to comply with the payment plan that the Department of Parole and Probation established for satisfaction of the restitution obligation. The Honorable Robert H. Heller, Jr. vacated the order of probation and ordered that the appellant spend weekends in the Anne Arundel County Detention Center for nine months. He further ordered that a judgment in the amount of $2231.00 be entered against the appellant and in favor of the Department of Social Services.

Before this Court, the appellant contends that the trial court erred in ordering that a money judgment be entered against the appellant. The obligation to make restitution, she contends, was strictly a condition of probation, and when the judge sentenced the appellant to incarceration, he expressly terminated her probation. She concludes that the obligation to make restitution, having sprung only from the conditions of probation, cannot survive the termination of the probation order.

We recently considered this issue in *Williams v. State*, 72 Md.App. 233, 528 A.2d 507 (1987). In that case, the appellant was sentenced by the district court to pay a fine of $500.00; however, the court suspended $400.00 of the fine in favor of a year's probation, a condition of which was that the appellant stay away from the New Motel, a hostelry establishment in Baltimore. Like a moth to a flame, the appellant appeared at the New Motel the very next day. As a result, the State filed a motion to cite her for contempt of court, and upon her prayer for a jury trial, she was brought before the circuit court. She was convicted of criminal contempt and sentenced to six months' incarceration, all six months suspended in favor of a three-year probation term. *Id.* at 237–38, 528 A.2d 507. On appeal, she argued that "it was improper to prosecute her for contempt for violating a condition of her probation." *Id.* at 238, 528 A.2d 507. We agreed, holding:

> In conclusion, we make explicit what was merely (but clearly) implicit in *Smitley* [*v. State*, 61 Md.App. 477 (1985)]: *a condition of probation may be enforced only through the power to revoke the probation*, not through contempt proceedings.

*Id.* at 239, 528 A.2d 507 (emphasis supplied). If we were to follow *Williams*, we would hold that the court acted improperly in revoking probation while at the same time issuing the order of restitution.

We would follow the reasoning in *Williams*, except for the existence of Md.Ann. Code art. 27, § 640(g), (h) and (k) (1987, 1990 Cum.Supp.):

> (g) *Orders requiring payment of money—Nature, effect, etc.*—If an order of restitution requiring the payment of money is recorded and indexed in the civil judgment index under subsection (h) or subsection (i) of this section:

> (1) The order of restitution shall constitute a money judgment in favor of the individual, governmental entity, or third-party payor to whom the defendant has been ordered to pay restitution;

(2) The order of restitution may be enforced by the individual, governmental entity, or third-party payor to whom the defendant has been ordered to pay restitution in the same manner as a money judgment in a civil action; and

.    .    .    .    .

(h) *Same—Circuit court.*—(1) An order of restitution that is issued by a circuit court under this section shall be recorded and indexed in the civil judgment index by the clerk of the circuit court as a money judgment as prescribed by the Maryland Rules.

(2) An order of restitution that is recorded and indexed in the civil judgment index as a money judgment under paragraph (1) of this subsection:

(i) In the county of entry of the judgment, shall constitute a lien from the date of entry in the amount of the judgment on the defendant's interest in land located in the county of the entry of the judgment; but

(ii) In a county other than the county of entry of the judgment, shall constitute a lien from the date of recording in the amount of the judgment on the defendant's interest in land located in that county.

.    .    .    .    .

(k) *Termination of order or probation.*—(1) Subject to the Maryland Rules unless complete restitution is paid by a defendant, termination of an order of restitution or probation by a court does not affect a money judgment that has been recorded and indexed under this section.

.    .    .    .    .

In *P.S.C. v. Balto. Gas & Elec.*, 60 Md.App. 495, 508, 483 A.2d 796 (1984) we stated,

The cardinal rule of statutory interpretation is to determine the intent of the legislature and to do this a court looks first to the language of the statute. *Ryder Truck Lines v. Kennedy*, 296 Md. 528, 535, 463 A.2d 850 (1983).

In construing the foregoing statute, we must attempt to effectuate the intent of the legislature. *Katz v. Wash. Sub. San. Comm.*, 284 Md. 503, 513, 397 A.2d 1027 (1979).

When we engage in statutory construction we begin with the plain language of the statute. *Morris v. Prince George's County,* 319 Md. 597, 603, 573 A.2d 1346 (1990). If the language is sufficiently expressive of the legislative purpose or goal, we need to go no further. *Morris,* 319 Md. at 603, 573 A.2d 1346.

When engaged in statutory construction, it is well settled that not only should this Court begin its investigation with the words of the statute, but we are bound by those words if their import is clear and unambiguous:

The Statutory language itself provides the clearest indication of the legislative intent and is thus the primary source for all statutory construction. *Board v. Stephans* [286 Md. 384, 408 A.2d 1017 (1979) ], *supra.* We also adhere to the principle that the court should confine itself to construing the statute according to the ordinary and natural signification of the words used without resorting to subtle or forced interpretations designed to limit or extend the operation of the statute. *Harbor Island Marina v. Calvert Co.,* [286 Md. 303, 407 A.2d 738 (1979) ], *supra; Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979); *Massage Parlors, Inc. v. City of Balto.,* 284 Md. 490, 398 A.2d 52 (1979). When the words used convey a clear and plain meaning, there is no need to look beyond the statute to ascertain the legislative intent. *Collier v. Connolley,* 285 Md. 123, 400 A.2d 1107 (1979); *Mauzy v. Hornbeck, supra,* 285 Md. at 93 [400 A.2d 1091]; *Massage Parlors, Inc. v. City of Balto., supra,* 284 Md. at 494-95 [398 A.2d 53]. Stated differently, when the statute is free from ambiguity, the court may not disregard the natural impact of the words so as to make the statute express an intention which is different from its plain meaning.

*United Parcel Service v. Comptroller,* 69 Md.App. 458, at 469 & 470, 518 A.2d 164 (1986) (quoting from *State v. Berry,* 287 Md. 491, 495-6, 413 A.2d 557 (1980)). "If reasonably possible the parts of a statute are to be reconciled and harmonized, the intention as to any one part being

found by reading all the parts together, and none of its words, clauses, phrases, or sentences shall be rendered surplusage or meaningless." *Schweitzer v. Brewer*, 280 Md. 430, 438, 374 A.2d 347 (1977); *see also Williams v. Wm. T. Burnett & Co.*, 296 Md. 214, 221, 462 A.2d 66 (1983). The language in the statute in the case *sub judice* is not ambiguous, therefore we look to the words used for its plain meaning.

The language of the statute and laws passed contemporaneously therewith indicate the Legislature intended that restitution ordered as a condition of probation would be treated differently from those other conditions of probation, e.g., obey all laws, report to the probation agent, get permission when changing address, etc. Subsection (b) of Section 640 provides "... (1) On conviction of a crime, acceptance of a plea of nolo contendere, or imposition of probation before judgment under § 292 or § 641 of this article, the court may order the defendant to make restitution ..." if certain conditions, not pertinent here, are met. Section 640(c) states that "[w]hen an order of restitution has been entered pursuant to subsection (b) of this section, compliance with the order may be made as a sentence *or condition of probation.*" (Emphasis supplied).

As part of House Bill 1370, Laws of Maryland, 1990, Ch. 385, the bill by which the language at issue in this opinion became law, both Section 11B of Article 31B—Patuxent Institution and Section 4–518 of Article 41—Governor—Executive And Administrative Departments, were enacted. Section 11B provides:

IF PAROLE OR WORK RELEASE HAS BEEN GRANTED BY THE BOARD OF REVIEW, AND THE COURT HAS ORDERED RESTITUTION AS PART OF THE SENTENCE *OR AS A CONDITION OF PROBATION*, THE BOARD OF REVIEW SHALL REQUIRE THE ELIGIBLE PERSON TO MAKE RESTITUTION PAYMENTS WHILE ON PAROLE OR WORK RE-

LEASE AS A CONDITION OF PAROLE OR WORK RELEASE.

Section 4–518—tracks the same language:

(A) IF PAROLE HAS BEEN GRANTED BY THE PAROLE COMMISSION, AND THE COURT HAS ORDERED RESTITUTION AS PART OF THE SENTENCE *OR AS A CONDITION OF PROBATION,* THE PAROLE COMMISSION SHALL REQUIRE AN INMATE TO MAKE RESTITUTION PAYMENTS WHILE ON PAROLE AS A CONDITION OF PAROLE.

(Emphasis supplied)

One of the purposes of House Bill 1370 was to provide "that an order of restitution constitutes a certain judgment." Nowhere in the bill is there a provision which requires a separate document for the purpose of creating an "Order of Restitution"; rather in every instance, except in the language giving judgment status to the order of restitution, the "restitution" discussed is within the context of its having been ordered "as a part of the sentence or as a condition of probation."

■ We conclude, from the foregoing and our review of the legislative history of § 640, that the General Assembly did not intend that a document separate from the usual Order of Probation be required for the purposes of this section. For this reason, and for the purposes of this opinion, an Order of Restitution may be either a separate document containing such an order exclusively or a direction to pay restitution contained in, and being part of, an Order of Probation.

■ Subsection k(1) of § 640 clearly provides that the termination of an order of restitution or probation will not disturb a money judgment that has been "recorded and indexed" under § 640. We cannot tell from the record whether, under the original probation order of restitution, this had been done. Whether the judgment was actually recorded and indexed, however, has no bearing on our disposition since the use of the word "shall" in subsection (h)(1), *supra,* makes it mandatory that the order of restitu-

tion "be recorded and indexed ... as a money judgment...." We hold that it is clear from the language used in subsection (h)(1) that when an order of restitution is issued under § 640, the legislature intended that it should be recorded and indexed at the time the order is originally issued.

The trial court, *sub judice*, began its disposition of the probation violation hearing by ordering that the order of probation be vacated. After imposing the sentence the court then ordered that the judgment be entered. Although the order to vacate preceded the direction that judgment be entered, we hold that the judgment survives. The reason for this is the mandate contained in sub-section (h), *supra*. Even without the direction by the court at the time of the probation violation disposition, the recording, indexing and the status of the order as a judgment was a *fait accompli*. This is so even if the order had not actually been so recorded and indexed. The only effect of the failure to record and index is that sub-section (2)(i) and (ii) would not go into effect until these actions occurred.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.