607 A.2d 557

Carla SONGER

v.

STATE of Maryland.

No. 116, Sept. Term, 1991.

Court of Appeals of Maryland.

June 11, 1992.

Victoria S. Lansburgh, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

We issued a writ of certiorari in this case to address the question of whether a judgment representing the amount of restitution that a probationer had been ordered to pay as a condition of probation was properly entered against probationer following revocation of her probation.

## I.

The petitioner, Carla Songer, was convicted in the Circuit Court for Anne Arundel County of welfare fraud, an offense punishable under Maryland Code (1957, 1982 Repl. Vol., 1983 Cum.Supp.), Article 27, § 230A.[1] She was sentenced on January 13, 1984 to imprisonment for one year with that term suspended in favor of probation for five years with special conditions, *inter alia*, that she pay restitution in the amount of $2,231.00 to the Department of Social Services [2] and that she pay the court costs incident to her prosecution.

---

1. Unless otherwise indicated all further references to Article 27 of the Md.Code will be to this edition.

2. At sentencing the trial court addressed Songer as follows:
 "COURT: The Court is going to sentence you to a period of one (1) year to the Commissioner of Correction. I am going to suspend that sentence and place you on supervised probation for a period of five (5) years. Now, the reason I make it five years, I want to give you enough time to pay back what you owe.... And, as a special condition, you are to make restitution to the Department of Social

On May 2, 1984, a bench warrant was issued charging Songer with violation of her probation, in that she had failed to pay the court costs or to make any restitution payments. On July 9, 1984, Songer was found guilty of violating her probation but her probation was continued.

On January 18, 1988, Songer was again found guilty of violating her probation, because at that time Songer had paid only $20.00 [3] in restitution and had not paid any court costs. With Songer's consent the court extended Songer's probation for five more years to enable her to pay the balance of the restitution and ordered her to pay $130.00 in court costs within 60 days. Songer paid the court costs on March 28, 1988.

Songer was again charged with violation of her probation on April 11, 1990. On July 30, 1990, Songer's probation was revoked for failure to pay the prescribed restitution, after her probation agent testified that Songer had made no payments since January 18, 1988. The following orders were entered:

"COURT: All right, Ms. Songer, the sentence of this Court is that the order of probation previously entered in this case is vacated. And the sentence of this Court is that you shall be confined to the Anne Arundel County Detention Center on weekends beginning August 4th, 1990 for a period of nine months. You shall report on August 4th, 1990 at 8:00 a.m. and you shall be incarcerated on consecutive weekends for a period of nine months, to be released on Monday mornings at 9—at 8:00 a.m. So

Services, that's from whom you got the money.... In the amount of $2,231.00 as agreed with the probation supervisor. Now, depending on what you make, you sit down and talk with him and tell him what you can afford to pay. And, if that's what he agrees, it has to be paid within that five years."

**3.** The $20.00 which Songer paid on June 17, 1986, had not reduced the amount of restitution ordered because a collection fee had been added to the amount due. Songer's probation agent testified at the hearing on July 30, 1990, that the amount of restitution and accrued collection fees then due was $2,255.62.

it will be from Saturdays to Mondays from 8:00 a.m. to 8:00 a.m. for a period of nine months.

"I enter judgment—I order that a judgment be entered in favor of the Department of Social Services in the amount of two thousand two hundred and thirty-one dollars as a judgment against you. I waive any other open court costs or other fees that are—are due. I waive any public defenders fees that are due or should be charged and I terminate the tip—probation status in this case. You'll just serve the period of incarceration."

Songer appealed the monetary judgment in the amount of $2,231.00, representing the balance of the amount of restitution that she had been ordered to pay as a condition of probation. The Court of Special Appeals affirmed. *Songer v. State,* 88 Md.App. 221, 594 A.2d 621 (1991). We granted Songer's petition for writ of certiorari.

## II.

 An order to pay restitution is a form of punishment for criminal conduct. *Spielman v. State,* 298 Md. 602, 610, 471 A.2d 730, 734 (1984). *See Coles v. State,* 290 Md. 296, 307, 429 A.2d 1029, 1034 (1981). A sentencing court may order restitution in one of two ways—either directly as part of the sentence or as a condition of probation. Md.Code, Art. 27, § 640(b) and (c).[4] *See Smitley v.*

---

4. At the time of Songer's conviction, Article 27, § 640(b) provided:

"(b) *Restitution upon conviction of crime; priority of payment.*—(1) On conviction of a crime, the court may order the defendant to make restitution in addition to any other penalty for the commission of the crime, if:

"(i) Property of the victim was stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime;

"(ii) The victim suffered actual medical expenses, direct out-of-pocket losses, or loss of earnings as a direct result of the crime; or

"(iii) The victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity.

"(2) The court may order that restitution be made to:

"(i) The victim;

*State*, 61 Md.App. 477, 482, 487 A.2d 315, 317 (1985). Welfare fraud is a crime for which restitution as part of a sentence is clearly contemplated by Article 27, § 640(b)(i). Furthermore, Article 27, § 230A expressly authorizes a court before whom a defendant is convicted of welfare fraud to order the defendant as part of the sentence to "make full restitution of the money, property, food stamps, medical care or other assistance unlawfully received, or the value thereof." Md.Code, Art. 27, § 230A(b).

Alternatively, a defendant may be ordered to pay restitution as a condition of probation. The court in sentencing Songer had the authority to exercise this option pursuant to either § 640(c)[5] or § 641A[6] of Article 27. In 1977, the

---

"(ii) The Department of Health and Mental Hygiene or any other governmental entity; or

"(iii) A third-party payor, including an insurer, which has made payment to the victim to compensate the victim for a property loss under paragraph (1)(i) of this subsection, or pecuniary loss under paragraph (1)(ii) of this subsection.

"(3) If the victim has been fully compensated for the victim's loss by a third-party payor, the court may order restitution to the third-party payor. Otherwise, payment of restitution to the victim has priority over payment of restitution to the third-party payor.

"(4) Payment of restitution to the victim under this subsection has priority over payment of restitution to the Department of Health and Mental Hygiene or other governmental entity.

Article 27, § 640(c) provided:

"(c) *Sentence or condition of probation or parole.*—When an order of restitution has been entered pursuant to subsection (b), compliance with the order may be made as a sentence or condition of probation or parole."

**5.** See footnote 4, *supra.*

**6.** At the time of Songer's sentencing, Article 27, § 641A in pertinent part provided:

"(a) *Suspension of sentence; probation.*—Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in

General Assembly amended Art. 27, § 640 in an attempt to broaden and confirm the sentencing court's power to order restitution. At the time of Songer's conviction, Art. 27, § 640(b) provided that upon conviction of certain crimes, "the court may order the defendant to make restitution in addition to any other penalty for the commission of the crime."

While requiring Songer to pay restitution to the Department of Social Services, the trial court did not order Songer to make restitution as a part of the sentence, as it could have under § 230A or § 640(c) of Article 27. *See Montgomery v. State*, 292 Md. 155, 159–61, 438 A.2d 490, 492–93 (1981). The unambiguous language employed by the trial judge in this case demonstrates that he ordered restitution as a *condition* of probation.

██ The trial court's authority to revoke Songer's probation was delineated by Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 642. Pursuant to that statute, the court had the options to:

> "proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. The sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article."

*Donaldson v. State*, 305 Md. 522, 528–29, 505 A.2d 527, 530–31 (1986). In the instant case the original sentence imposed on January 13, 1984, was imprisonment for one year. Restitution was not part of that sentence but rather was made a condition of the probation which was imposed

---

writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution."

upon suspension of that sentence. Consequently, on revoking that probation the court was limited by Article 27, § 642 to imposing a term of imprisonment not to exceed one year. It was without authority to enhance the sentence by rendering a monetary judgment against Songer. When the original sentence or some portion of it is reimposed after revocation of probation the "original sentence is effective with the probationary provisions stricken out." *Coleman v. State,* 231 Md. 220, 222, 189 A.2d 616, 618 (1963). That is because the "original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously accorded the defendant." *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973, 978 (1983), *quoted in Turner v. State,* 307 Md. 618, 625, 516 A.2d 579, 582 (1986).

The State argues that the monetary judgment against Songer for restitution did not enhance the original sentence since on revoking probation the trial court only imposed a portion of the original sentence. It cites dicta from *Smitley v. State,*[7] *supra,* in support of that proposi-

---

7. In *Smitley,* the defendant was convicted of disorderly conduct and battery. He was sentenced to concurrent terms of imprisonment for 60 days and two years, which sentences were suspended in favor of three years probation. One of the conditions to his probation was that he should pay restitution to the victim of the battery. Later his probation was revoked, and the court reimposed the concurrent sentences of six months and two years. In addition the court ordered him to pay the balance of the restitution originally ordered as a condition to his probation when those sentences were suspended. The Court of Special Appeals vacated the sentences and remanded the case for resentencing. On remand the court suggested to the sentencing court that:

"It may even be possible, pursuant to § 642 of art. 27, for the court to direct execution of the suspended sentence, suspend anew a part of that sentence, place the defendant on further probation, and continue an order of restitution as a condition of the new probation. What the court may *not* do, however, when the restitution is not 'as a sentence' but only a condition of probation, is to direct execution of the *full term* of the suspended sentence *and* continue the restitution order, either 'as a sentence' or as a condition to some further probation. That is equivalent to *increasing,* not merely implementing, the suspended sentence."

61 Md.App. at 484, 487 A.2d at 318 (emphasis in original and footnote omitted).

tion. We reject that notion. Whether the original sentence or only a portion thereof is reimposed following revocation of probation, Article 27, § 642 does not authorize the enhancement of that reimposed sentence by a judgment for restitution which was not ordered as part of the original sentence.

The Court of Special Appeals affirmed the monetary judgment against Songer, relying on Md.Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.) Art. 27, § 640(g), (h) and (k), which provide in pertinent part:

"(g) *Orders requiring payment of money—Nature, effect, etc.*—If an order of restitution requiring the payment of money is recorded and indexed in the civil judgment index under subsection (h) or subsection (i) of this section:

"(1) The order of restitution shall constitute a money judgment in favor of the individual, governmental entity, or third-party payor to whom the defendant has been ordered to pay restitution; ...

"(h) *Same—Circuit court.*—(1) An order of restitution that is issued by a circuit court under this section shall be recorded and indexed in the civil judgment index by the clerk of the circuit court as a money judgment as prescribed by the Maryland Rules....

"(k) *Termination of order or probation.*—(1) Subject to the Maryland Rules, unless complete restitution is paid by a defendant, termination of an order of restitution or probation by a court does not affect a money judgment that has been recorded and indexed under this section." [8]

---

We need not pass on the validity of this *dicta* since in the instant case the probation revoking court did not exercise the option set forth in Article 27, § 642, which was alluded to by the Court of Special Appeals in the portion of its opinion just quoted. "The [reimposed] sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper." Md.Code, Art. 27, § 642.

**8.** Subsection (g) of § 640 was first added with the enactment of Chapter 487 of the Acts of 1989, which, in Section 2 of that act,

Songer argues that the language of § 640 relied upon by the Court of Special Appeals was not enacted until after the initial order to pay restitution was entered in the present case.[9] Thus, Songer concludes that the intermediate appellate court improperly upheld the trial court's action in reducing the restitution order to judgment after it revoked her probation. We agree. Assuming, arguendo, that the intent of the General Assembly in enacting subsections (g) through (k) was to provide that an order to pay restitution, even if imposed solely as a condition of probation, is to continue as a judgment against the probationer after probation is revoked, the statute as amended cannot validate the order to pay restitution in this case. By its express terms, ch. 385, § 3 of the Laws of 1990 provides that the amendments to § 640 are to apply only to restitution orders "issued by a court on or after July 1, 1989." The order to pay restitution in this case was issued by the trial court on January 13, 1984. A statute is presumed to have prospective effect only, unless there is a clear legislative intent that the statute operate retroactively. *Spielman*, 298 Md. at 607, 471 A.2d at 733. In the instant case

provided that "this Act shall take effect July 1, 1989." Subsequently, the General Assembly rewrote subsection (g) and added subsections (h) through (*l*) with the enactment of Chapter 386 of the Acts of 1990. Under Section 2 of that Act, Chapter 386 was to "take effect contingent on the taking effect of Chapter [385 of the Acts of 1990]." Chapter 385 reenacted subsection (g) as it first appeared in Chapter 487 of the Acts of 1989, and further provided, in Section 3 of Chapter 385, that "this Act shall apply to any Order of Restitution issued by a court on or after July 1, 1989."

**9.** The State acknowledges that the language of § 640 relied upon by the Court of Special Appeals was added by amendments in 1989 and 1990 and was not in effect in 1984, when the initial order of restitution in the present case was issued. The Court of Special Appeals, subsequent to its decision in *Songer,* has declined to apply the provisions of § 640 to orders of restitution issued prior to the statutory amendments. *See Hunt v. State,* No. 150, Sept. Term, 1991 (Court of Special Appeals, Dec. 6, 1991) (unreported) slip op. at 3–4; *Musgrove v. State,* No. 1930, Sept. Term, 1990 (Court of Special Appeals, Oct. 25, 1991) (unreported) slip op. at 1. The State has filed a petition for writ of certiorari in *Hunt,* Petition Docket No. 568, Sept. Term, 1991.

that presumption is immaterial since the Legislature expressly provided that § 640 as amended does not affect any order of restitution issued before July 1, 1989. Subsections (g) through (k) of § 640 cannot be invoked to salvage the legality of the judgment of restitution in this case, where the original order to pay was issued well before July 1, 1989.[10]

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH INSTRUCTIONS TO VACATE JUDGMENT FOR RESTITUTION AGAINST PETITIONER. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY ANNE ARUNDEL COUNTY.

---

10. On May 12, 1992, the Governor signed into law an amendment to Md.Code, Art. 27, § 640, which for the first time defines "order of restitution." This amendment provides in pertinent part that: " 'Order of restitution' means either a direct order for payment of restitution or an order for payment of restitution that is a condition of probation in an order of probation." Ch. 236 of the Acts of 1992. We decline to comment on the amendment's impact on future restitution cases.