863 A.2d 1007

**STATE of Maryland**

v.

**Jacqueline Mae GARNETT.**

**No. 47, Sept. Term, 2004.**

Court of Appeals of Maryland.

Dec. 22, 2004.

Michael Scott Friedman, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellant.

John B. Robins, IV (John B., IV, P.A., Salisbury, on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BATTAGLIA, J.

In this case we are asked to consider whether a writ of garnishment of wages to enforce an order of restitution in a criminal proceeding is dischargeable in bankruptcy. Jacqueline Mae Garnett, the appellee, filed for bankruptcy seeking a discharge of her debts, including a restitution judgment that was entered against her after she had been found guilty, but not criminally responsible, for malicious destruction of proper-

ty. The State sought to enforce the judgment through a writ of garnishment. We conclude that the restitution judgment entered against Garnett was a criminal sanction and therefore a debt not dischargeable in bankruptcy.

## I. Facts and Procedural History

On February 3, 2001, at 3:00 in the morning Garnett drove her Ford Taurus station wagon to the Maryland State Police Barracks in Salisbury, Maryland, and rammed into six cars parked behind the barracks by accelerating into one parked car, reversing, and accelerating again into the next parked car. Two state police officers observed Garnett driving her car into the parked vehicles and arrested her at the scene.

Garnett was charged with six counts of malicious destruction of property [1] for the damage she caused to five police cruisers belonging to the Maryland State Police and one privately-owned car belonging to Officer James McWilliams ("McWilliams"). She was also charged with one count of trespass.[2] On April 18, 2001, Garnett entered a plea of not

1. Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, § 111 stated:

> (a) *Violation constitutes misdemeanor.*—Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor.
>
> \*     \*     \*
>
> (c) *Penalty where amount of damage is equal or greater than $500.*—If the amount of damage to the property defaced, destroyed, injured, or molested has a value of $500 or more, the person who violates this section, on conviction, is subject to a fine not exceeding $2,500 or imprisonment not exceeding 3 years or both.

Article 27, Section 111 was recodified without substantive change as Md.Code (2002), § 6–301 of the Criminal Law Article.

2. Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27 § 577 stated in part:

> (a) *Trespassing.*—(1) A person may not enter or trespass on any private property which in a conspicuous matter is posted against trespassers by: (i) Signs where they may reasonably be seen; or (ii) Identifying paint marks that conform with regulations adopted by the Department of Natural Resources and are made on trees or posts at

guilty, as well as a plea of "not criminally responsible by reason of insanity," as to all charges against her[3] and subsequently filed a motion for a mental examination to determine competency to stand trial and criminal responsibility. She was referred to the Department of Health and Mental Hygiene pursuant to Maryland Code (1957, 2000 Repl.Vol.), Section 12–104 of the Health–General Article[4] for examination and evaluation through the Eastern Shore Hospital Center ("ESHC"), a forensic team from which determined that Gar-

---

each road entrance and adjacent to public roadways, public waterways, and any other land adjoining the property.

\*     \*     \*

(b) *Violation of section.*—A person who violates any provision of this section is guilty of a misdemeanor and on conviction is subject to a fine of not more than $500 or imprisonment for not more than 90 days or both.

Article 27, Section 577 was recodified without substantive change as Md.Code (2002), §§ 6–402 through 6–408 of the Criminal Law Article.

3. A defendant may enter a plea of "not criminally responsible" pursuant to Maryland Code (1982, 2000 Repl. Vol.), § 12–109 of the Health–General Article, which states in part:

(a) *Time and manner of pleading.*—(1) If a defendant intends to rely on a plea of not criminally responsible, the defendant or defense counsel shall file a written plea alleging, in substance, that when the alleged crime was committed, the defendant was not criminally responsible by reason of insanity under the test for criminal responsibility in § 12–108 of title.

Maryland Code (1982, 2000 Repl.Vol.), § 12–108 of the Health–General Article states in part:

(a) *Test—In general.*—A defendant is not criminally responsible for criminal conduct if, at the time of that conduct, the defendant, because of a mental disorder or mental retardation, lacks substantial capacity: (1) To appreciate the criminality of that conduct; or (2) To conform that conduct to the requirements of the law.

4. Md.Code (1982, 2000 Repl.Vol.), § 12–104 of the Health–General Article states in part:

(a) *Examination authorized.*—(1) For good cause and after giving the defendant an opportunity to be heard, the court may order the Department to examine the defendant to determine whether the defendant is incompetent to stand trial.

\*     \*     \*

(d) *Report on examination.*—(1) If a court orders an examination under this section, the Department shall: (i) Examine the defendant; and (ii) Send a complete report of its findings: 1. To the court; 2. To the State's Attorney; and 3. To the defense counsel.

nett was competent to stand trial, but that she was not criminally responsible for her actions because of a mental disorder, specifically severe depression, at the time of the offenses.

Garnett eventually pled guilty to all six charges of malicious destruction of property, after which the trial court found that Garnett was not criminally responsible for her actions because of a mental disorder and ordered her to be conditionally released from the ESHC. After the parties had agreed that restitution "would be an entry under Article 27, Section 807, simply the entry of civil judgment," *see* Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, §§ 807(a) and (g),[5] the trial court ordered Garnett to pay restitution and stated:

> [R]estitution will be ordered in the amount of $25,549.74 to James McWilliams. And restitution of $17,170.72 to the Maryland State Police. The amount of restitution will be reduced to judgment in favor of Mr. McWilliams in the amount indicated, and the Maryland State Police also in the amount indicated and against the defendant Jacqueline Mae Garnett.

The court entered the restitution obligations as money judgments[6] in favor of the Maryland State Police and McWil-

---

**5.** Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, §§ 807(a) and (g) provided:

> (a) *Restitution upon conviction, acceptance of plea of nolo contendere, etc.; priority of payment; reason for not ordering restitution.*—(1) A court may issue a judgment of restitution directing a defendant to make restitution in addition to any other penalty for the commission of a crime if: (i) Property of the victim was stolen, damaged, destroyed, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime;

> \* \* \*

> (g) *Same—Circuit court.*—(1) a judgment of restitution that is issued by a circuit court under this section shall be recorded and indexed in the civil judgment index by the clerk of the circuit court as a money judgment as prescribed by the Maryland Rules.

Article 27, Section 807 was recodified, without substantive change, as Md.Code (2001), § 11–603 of the Criminal Procedure Article.

**6.** Maryland Rule 4–354 states in part:

liams.[7]

Subsequently, Garnett filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland, and she was granted a discharge of her debts pursuant to 11 U.S.C. § 727 (2000).[8] The State filed a Writ of Garnishment of Wages in the Circuit Court for Wicomico County seeking to enforce the restitution judgment that was entered, and Garnett filed a reply asserting that the restitution judgment was discharged in bankruptcy. On August 15, 2003, the Circuit Court held a hearing on the motion, during which time the parties agreed to have the State's writ dismissed.

Thereafter, the State filed a Motion to Allow Garnishment, and during a hearing, the Circuit Court denied the motion and held that the restitution was a civil judgment that could be discharged in bankruptcy because: (1) Garnett was found "not

(a) Generally. A money judgment or other order for payment of a sum of certain entered in a criminal action in favor of the State, including imposition of a fine, forfeiture of an appearance bond, and adjudication of a lien pursuant to Code, Article 27A, § 7, may be enforced in the same manner as a money judgment entered in a civil action.
(b) Judgment of restitution. A judgment of restitution may be enforced in the same manner as a money judgment entered in a civil action.
Maryland Rule 1–202(p) defines a money judgment as follows:
"Money judgment" means a judgment determining that a specified amount of money is immediately payable to the judgment creditor. It does not include a judgment mandating the payment of money.

7. The Circuit Court's order of restitution to pay McWilliams is not at issue in this appeal.

8. 11 U.S.C. § 727 (2000) states in part:
(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

criminally responsible," and, therefore, she could not be punished; (2) the restitution could be enforced as a money judgment in a civil action, and so was a civil sanction; and (3) the restitution was not ordered as a condition of probation. The lower court also determined that the restitution was for a pecuniary loss; thus, the judgment could be discharged under the United States Bankruptcy Code ("Bankruptcy Code").

The State noted an appeal to the Court of Special Appeals, and this Court issued, on its own initiative, a writ of certiorari, *State v. Garnett*, 382 Md. 346, 855 A.2d 349 (2004), prior to any proceedings in the intermediate appellate court. The State's brief presented the following question for our review:

Did the Circuit Court err as a matter of law in finding that the judgment of criminal restitution was discharged under Chapter 7 of the United States Bankruptcy Code?

We conclude that the Circuit Court erred in its determination that the judgment of restitution ordered against Garnett was discharged in bankruptcy and reverse the dismissal of the State's motion to allow garnishment.

## II. Discussion

The State argues that the Circuit Court erred in dismissing the motion to allow garnishment based upon an order of restitution against Garnett because restitution obligations imposed in criminal proceedings cannot be discharged under the Bankruptcy Code. In the State's view, although Garnett was found not criminally responsible, she was still subject to collateral consequences for her acts, which included being ordered to pay restitution. The State maintains that restitution ordered as part of a criminal proceeding is a criminal sanction, not a civil remedy. Thus, the State asserts that the restitution ordered in this case was not discharged in bankruptcy and that Garnett was subject to a writ of garnishment of her wages to satisfy the judgment against her.

Garnett, on the other hand, argues that the restitution judgment entered against her was discharged in bankruptcy and that the State's motion for a writ of garnishment was

properly dismissed by the Circuit Court. According to Garnett, the judgment entered against her was not penal in nature because she was found "not criminally responsible" and could not be punished for her conduct, and because the restitution was not imposed as a condition of probation. Because the Circuit Court found that the judgment entered was not penal, and therefore, dischargeable, Garnett contends that the lower court should be accorded deference to interpret and apply its own judgments.

### A.

▮▮ The Circuit Court found that the restitution order in this case was civil in nature, and not penal, in part because Garnett was found guilty but "not criminally responsible," and therefore, could not be punished. In Maryland, a defendant may be found both guilty and not criminally responsible for a crime so that the defendant does not stand convicted of a crime, and "no criminal sentence may ever be entered on the guilty verdict." *Pouncey v. State*, 297 Md. 264, 269–70, 465 A.2d 475, 478 (1983). As we have stated, "a plea of insanity is not that an accused is to be found not guilty of the criminal act it was proved he committed, but that he shall not be punished therefor." *Id.* at 268, 465 A.2d at 477 (quoting *Langworthy v. State*, 284 Md. 588, 598, 399 A.2d 578, 584 (1979)).

The General Assembly, however, has not removed all consequences for committing a criminal act after a finding of not criminally responsible. A sentencing court may order a defendant to make restitution if as a direct result of the crime or delinquent act, "[p]roperty of the victim was stolen, damaged, destroyed, converted, or unlawfully obtained, or its value substantially decreased." Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, § 807(a).[9] Defendants subject to restitution after committing a crime include "any person who has [b]een found guilty of a crime, regardless of whether the

---

9. Article 27, Section 807(a) was recodified without substantive change as Md.Code (2001, 2004 Cum.Supp.), § 11–603 of the Criminal Procedure Article.

defendant has been found not criminally responsible," Md. Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, § 805A(f)(3), as was Garnett in the present case.[10]

■■■ Restitution imposed under Article 27, Section 807 "is a *criminal sanction*, not a civil remedy." *Grey v. Allstate Insurance Company*, 363 Md. 445, 451, 769 A.2d 891, 895 (2001) (emphasis in original). Judge Wilner, writing for this Court in *Grey*, traced the history of restitution and explained that it serves retributive, deterrent, and rehabilitative objectives, which are the principal functions of criminal punishment. *Id.* at 459–60, 769 A.2d at 899–900; *see also Pete v. State*, 384 Md. 47, 862 A.2d 419 (2004); *Anne Arundel County v. Hartford Accident Indem. Co.*, 329 Md. 677, 685, 621 A.2d 427, 431 (1993); *Songer v. State*, 327 Md. 42, 46, 607 A.2d 557, 559 (1992); *Lee v. State*, 307 Md. 74, 78, 512 A.2d 372, 374 (1986); *Coles v. State*, 290 Md. 296, 305, 429 A.2d 1029, 1034 (1981). We explained that penal goals are accomplished through restitution to the extent that the defendant is forced to focus on the harm that was caused to the victim. *Grey*, 363 Md. at 459, 769 A.2d at 899. Likewise, restitution is a monetary detriment to the defendant and "satisf[ies] society's demand for meaningful justice," thus serving the punitive objective of the criminal system. *Id.* at 460, 769 A.2d at 900. A principal difference between restitution as a criminal sanction as opposed to a civil judgment is that in the criminal context, a defendant, who is unable to pay, cannot be ordered to pay restitution; whereas, a civil judgment can be entered against one who is unable to pay. *Id.* at 459, 769 A.2d at 900. Accordingly, restitution imposed as part of a criminal proceeding is a form of criminal punishment and not a civil sanction. *Id.* at 459–60, 769 A.2d at 900.

■■■ In light of this Court's holding in *Grey*, the lower court's finding that the restitution ordered against Garnett was civil in nature was erroneous. Even though restitution

---

10. The issue of the constitutionality of imposing a criminal sanction upon a person found guilty but not criminally responsible under Article 27, Section 805A(f)(3), is not before us, as Garnett has not raised it.

ordered in a criminal proceeding may be enforced in the same manner as a civil judgment, it does not become a civil sanction and lose its penal qualities. As we stated in *Grey:*

> The order of restitution, even when entered as a civil judgment, concludes only the matters that were raised or that could have been raised, in the criminal proceeding. Although it may be enforced in the manner that a civil judgment may be enforced, it does not, and cannot, establish civil liability for anything beyond the matters it concludes.

*Id.* at 451, 769 A.2d at 895.

The lower court's finding that the restitution was civil because it was a direct order rather than a condition of probation also was incorrect. The Maryland Code clearly provides that restitution may be ordered against a criminal defendant either as a direct order *or* as a condition of probation, *see* Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, § 805A(i),[11] and as we have often stated, the best source of legislative intent is the statute's plain language and when the language is clear and unambiguous, our inquiry ordinarily ends there. *Drew v. First Guaranty Mortgage Corp.,* 379 Md. 318, 327, 842 A.2d 1, 6 (2003); *Beyer v. Morgan State Univ.,* 369 Md. 335, 349, 800 A.2d 707, 715 (2002). The fact that the restitution judgment was a direct order, rather than a condition of probation, is of no consequence because a direct order of restitution stands independently as a criminal sanction without the need to enforce it through a separate sanction. *Pete,* 384 Md. at 62, 862 A.2d at 427.

## B.

■ Was Garnett's criminal restitution a dischargeable

---

11. Md.Code (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Art. 27, § 805A(i) stated:

> *Judgment of restitution.*—"Judgment of restitution" means either a direct order for payment of restitution or an order for payment of restitution that is a condition of probation in an order or probation. Article 27, Section 805A(i) was recodified without substantive change as Md.Code (2001), § 11–601(g) of the Criminal Procedure Article.

debt[12] under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 727, which permits debts to be discharged after assets are liquidated and distributed to creditors? Certain debts cannot be discharged in bankruptcy and remain viable, because they are excepted from discharge. *See* 11 U.S.C. § 523 (2000).[13]

Specifically, Section 523(a)(7) of the Bankruptcy Code provides that a debt is not dischargeable "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty." 11 U.S.C. § 523(a)(7). Restitution to a governmental entity and imposed by a state criminal court is one such debt that qualifies as non-dischargeable under Section 523(a)(7). *See Kelly v. Robinson,* 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

In *Kelly,* Carolyn Robinson, the debtor, was placed on probation for five years and ordered to pay restitution to the State after she pled guilty and was convicted of larceny in a Connecticut court for the wrongful receipt of welfare benefits. *Id.* at 38–39, 107 S.Ct. at 355, 93 L.Ed.2d at 221–222. Thereafter, Robinson filed a petition under Chapter 7 in the United States Bankruptcy Court for the District of Connecticut and listed the restitution obligation among her debts. *Id.* at 39, 107 S.Ct. at 355, 93 L.Ed.2d at 222. The Bankruptcy Court granted Robinson a discharge of all of her debts, including the

---

**12.** "A discharge[able] [debt] is a release of the debtor from any further personal liability for his or her pre-bankruptcy debts. If the debtor receives a discharge, all a creditor will receive will be its pro rata distribution even though the amount of the debt far exceeds the amount of this bankruptcy dividend." 1 DAVID G. EPSTEIN, ET AL., BANKRUPTCY 12–13 (1992).

**13.** When a debt is excepted from discharge the debtor remains obligated to pay the debt. MARGARET C. JASPER, BANKRUPTCY LAW FOR THE INDIVIDUAL DEBTOR 27–28 (1997). Section 523 of the Bankruptcy Code provides an extensive list of debts that are exceptions to discharge under the Bankruptcy Code, including but certainly not limited to: taxes and tax penalties, most student loans, alimony and child support, debts for certain luxury purchases, debts resulting from embezzlement or fraud, and fines or penalties, such as parking tickets, that are assessed by a governmental agency. *Id.*

court ordered restitution, and subsequently, Robinson stopped making payments on the restitution debt. *Id.*

After efforts were made to enforce the restitution judgment, Robinson filed a claim in Bankruptcy Court for declaratory relief that the obligation had been discharged. *Id.* at 39–40, 107 S.Ct. at 356, 93 L.Ed.2d at 222. The Bankruptcy Court held that the restitution debt was not discharged under Section 523(a)(7) of the Bankruptcy Code and ordered Robinson to pay the debt, *id.* at 41, 107 S.Ct. at 356, 93 L.Ed.2d at 222–23, a judgment which was later affirmed by the federal district court but reversed by the United States Court of Appeals for the Second Circuit. *Id.* at 42, 107 S.Ct. at 357, 93 L.Ed.2d at 224.

The Supreme Court, however, reversed the Second Circuit Court of Appeals and held that a state criminal restitution order is non-dischargeable under Section 523(a)(7) of the Bankruptcy Code. The Court stated that Section 523(a)(7) "create[d] a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures," and protected traditional criminal fines sufficiently to allow restitution orders to be included within the exception. *Id.* at 51, 107 S.Ct. at 362, 93 L.Ed.2d at 230. In the Court's view, federal bankruptcy proceedings should not be used to circumvent criminal sentences imposed by state courts:

> Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This Court has emphasized repeatedly "the fundamental policy against federal interference with state criminal proceedings."

*Id.* at 47, 107 S.Ct. at 360, 93 L.Ed.2d at 227 (internal citation omitted). The Court explained that a state criminal court's ability to choose a "combination of imprisonment, fines, and restitution most likely to further rehabilitative and deterrent goals" could be compromised, if such judgments were subject

to discharge in bankruptcy. *Id.* at 49, 107 S.Ct. at 360, 93 L.Ed.2d at 228. Thus, the Court held that the Bankruptcy Code did not act to discharge restitution obligations payable to a governmental entity and imposed in a state criminal proceeding. *Id.* at 52, 107 S.Ct. at 362, 93 L.Ed.2d at 230.

Several courts interpreting *Kelly* and Section 523(a)(7) of the Bankruptcy Code have held that an order of criminal restitution payable to a governmental entity is exempt from discharge in bankruptcy. *See Thompson v. Commonwealth,* 16 F.3d 576, 577 (4th Cir.1994), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994) (holding that "any condition a state criminal court imposes as part of a criminal sentence is not dischargeable in bankruptcy"); *U.S. v. Vetter,* 895 F.2d 456, 459 (8th Cir.1990) (stating that criminal restitution orders are exempt from discharge in bankruptcy proceedings); *Warfel v. City of Saratoga,* 268 B.R. 205, 213 (9th Cir. BAP 2001) (holding that because the restitution was ordered as part of a state criminal prosecution it was excepted from discharge in bankruptcy); *In re Steiger,* 159 B.R. 907, 913 (9th Cir. BAP 1993) (concluding that order of restitution imposed as part of a criminal sentence was non-dischargeable in bankruptcy); *Cabla v. State,* 6 S.W.3d 543, 551 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1092, 120 S.Ct. 1730, 146 L.Ed.2d 650 (2000) (holding that the "Bankruptcy Code does not interfere with criminal sentencing schemes").

Garnett seeks to distinguish her case from *Kelly* and from the holdings in these cases by arguing that the restitution in this case was not excepted from discharge because it was not a condition imposed as part of a criminal sentence and because it was ordered for actual pecuniary loss, contrary to the language of Section 523(a)(7). We do not find, however, Garnett's arguments to be persuasive.

Although *Kelly* does stand for the proposition that Section 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence," *id.* at 50, 107 S.Ct. at 361, 93 L.Ed.2d at 229, the Court did not limit its holding to guilty sentences. Rather, the Supreme Court in

*Kelly* held that because restitution orders imposed in *criminal proceedings* are inherently penal in nature and focus on the State's interests in rehabilitation and punishment, "[t]hose interests are sufficient to place restitution orders within the meaning of [Section] 523(a)(7)." *Id.* at 53, 107 S.Ct. at 363, 93 L.Ed.2d at 231. In the case at bar, the restitution was ordered in a *criminal proceeding* against Garnett, which is consistent with *Kelly,* so that it was a non-dischargeable debt pursuant to Section 523(a)(7) of the Bankruptcy Code.

Garnett's argument that the restitution was discharged in bankruptcy because it was pecuniary in nature also fails. As the Supreme Court explained in *Kelly,* criminal restitution orders are not pecuniary because they operate to punish and rehabilitate the offender, not to compensate the victim. *Id.* at 52, 107 S.Ct. at 362, 93 L.Ed.2d at 230. As a basis for its conclusion, the Court stated:

> Although restitution does resemble a judgment "For the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id.* Because the restitution ordered was not compensation for actual pecuniary loss, it was, therefore, non-dischargeable under Section 523(a)(7) of the Bankruptcy Code. *Id.* at 52, 107 S.Ct. at 362, 93 L.Ed.2d at 229.

Here, the restitution ordered by the Circuit Court payable to the Maryland State Police was not compensation for actual pecuniary loss because it was imposed as a criminal sanction for Garnett's conduct. *See Grey,* 363 Md. at 459–61, 769 A.2d at 899–900. Furthermore, the Maryland State Police had no control over whether restitution would be ordered by the Circuit Court or its amount. The restitution ordered is a criminal penalty, not compensation for actual pecuniary loss;

accordingly it is excepted from discharge under Section 523(a)(7) of the Bankruptcy Code.

### III. Conclusion

The order of restitution in favor of the Maryland State Police that was entered as part of criminal proceedings against Garnett was a penal sanction to which she was subject, despite a finding of guilty but not criminally responsible. Because the restitution ordered in this case was a criminal sanction, it was not dischargeable under the Bankruptcy Code. Thus, the State's Motion to Allow Garnishment should have been granted.

*JUDGMENT OF THE CIRCUIT COURT FOR WICOMI-CO COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPEL-LEE.*

WILNER, J., concurs.

Concurring Opinion by WILNER, J.

I concur in the Court's Opinion and write separately only to express a caveat that has not been raised or addressed in this case.

As the Court points out, we made clear in *Grey v. Allstate,* 363 Md. 445, 769 A.2d 891 (2001) that an order of restitution entered pursuant to former Maryland Code, Art. 27, § 807 (current Crim. Proc. Article, § 11–603) is a criminal penalty, even though it could be enforced in the manner of a civil judgment. Under *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), such an order of restitution, when treated as a criminal penalty, is not dischargeable in bankruptcy under the current Bankruptcy Code.

Garnett's point is that, because she was found not criminally responsible, the order of restitution cannot be regarded as a criminal sanction. The Maryland Legislature seems to have decreed otherwise. In Crim. Proc. Art. § 11–603(a), it has authorized a court to order a "defendant" to make restitution,

"in addition to any other penalty for the commission of a crime" if, as a direct result of the crime, the victim has suffered certain enumerated kinds of losses. In § 11–601(e), it has defined "defendant" as including a person "who has been found guilty of a crime, even if the defendant has been found not criminally responsible." That is the basis for the Court's conclusion that the order of restitution in this case retains its status as a criminal penalty. The Legislature has apparently authorized a court to order a not criminally responsible defendant to pay restitution.

Garnett has not challenged the validity of the statutory construct that permits a court to enter a criminal penalty against someone who has been found not criminally responsible. That authorization is certainly inconsistent with the conclusion we reached in *Pouncey v. State*, 297 Md. 264, 269, 465 A.2d 475, 478 (1983), however, that a finding of not criminally responsible relieves the defendant of liability for punishment under the criminal law and that "[n]o criminal sentence may ever be entered on the guilty verdict. . . ." Indeed, imposition of a criminal penalty upon a person found not criminally responsible would raise serious Constitutional issues. Because those issues have not been raised in this case, the Court has not considered them. They most certainly do lurk, however.