916 A.2d 393

STATE of Maryland

v.

Jacqueline Mae GARNETT.

No. 1253, Sept. Term, 2005.

Court of Special Appeals of Maryland.

Feb. 2, 2007.

Michael Scott Friedman (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellant.

John B. Robins, IV, Salisbury, for appellee.

Panel MURPHY, C.J., SHARER and WOODWARD, JJ.

MURPHY, C.J.

The parties to this appeal from the Circuit Court for Wicomico County—the State of Maryland, appellant, and Jacqueline Mae Garnett, appellee—have previously been before the Court of Appeals, and are now back before this Court for a second time. At this point in the litigation, appellant presents two questions for our review:

1.  Did the circuit court err as a matter of law in finding that the law of the case doctrine did not preclude it from granting Garnett's Motion to Dismiss and to Correct Illegal Sentence?

2.  Did the circuit court err as a matter of law in finding that the imposition of the criminal restitution obligation was illegal within the meaning of Rule 4–345(a)?

For the reasons that follow, we shall answer "no" to each question, and therefore affirm the judgment of the circuit court that a sentence of "restitution" cannot be imposed on a defendant who has been found "not criminally responsible by reason of insanity."

## Background

As stated above, the parties have previously been before the Court of Appeals. In *State v. Garnett,* 384 Md. 466, 863 A.2d 1007 (2004) (*Garnett I*), the Court of Appeals set forth the "[p]rocedural [h]istory" of the case at bar, and it would serve no useful purpose to repeat that history at this point. Suffice it to say that in *Garnett I* the Court of Appeals came to the following conclusion:

> The order of restitution in favor of the Maryland State Police that was entered as part of criminal proceedings against [appellee] was a penal sanction to which she was subject, despite a finding of guilty but not criminally responsible. Because the restitution ordered in this case was a criminal sanction, it was not dischargeable under the Bankruptcy Code. Thus, the State's Motion to Allow Garnishment should have been granted.

*Id.* at 481, 863 A.2d 1007.

Thereafter, (in the words of appellant's brief):

> [Appellee] ... filed a "Motion to Dismiss and to Correct Illegal Sentence" in the circuit court, seeking that the State's Motion to Allow Garnishment be dismissed and that the money judgment be vacated. [Appellee] claimed that the restitution order was illegal because she was found not criminally responsible and should not be held to account at all for the numerous crimes for which she was convicted. The State opposed the motion. On June 27, 2005, the circuit court granted [appellee's] motion and dismissed the Motion to Allow Garnishment and vacated the July 25, 2001 money judgment. In spite of the Court of Appeals prior holding that the State's motion should have been granted, the circuit court held that the imposition of the criminal restitution obligation on [appellee] was illegal as [appellee] alleged.

This appeal followed.

## I.

■■ Even though Md. Rule 4–345(a) provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time," appellant argues that "the law of the case" doctrine prohibited the circuit court from correcting a sentence that it found to be illegal under the circumstances. According to appellant (in the words of its brief):

> The lower court's holding simply misapplies the law of the case doctrine and actually misquotes what the doctrine actually provides. As stated *infra,* the law of the case doctrine bars relitigation between the same parties of issues that were *or could have been raised* in the prior litigation. As an issue that could have been raised in the prior litigation, the law of the case governs the legality of the judgments under Rule 4–345(a), and hence, the lower court went beyond its authority when it allowed [appellee] to challenge and hence, religitate whether the State was entitled to its wage garnishment.
>
> \*       \*       \*
>
> At some point, the litigation must end, and notwithstanding the lower court's holding, the litigation concerning whether the State was entitled to its wage garnishment actually did end with the Court of Appeals' decision [in *Garnett I* ]. [Appellee] is not entitled to a rematch.

In *Scott v. State,* 379 Md. 170, 840 A.2d 715 (2004), the Court of Appeals stated that "once an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case." *Id.* at 183, 840 A.2d 715 (footnote omitted). While we agree with appellant that there are occasions on which this doctrine precludes a party from asserting a claim that "could have been raised in prior litigation," we are persuaded that Md. Rule 4–345(a) permits a defendant to assert an "illegal sentence" argument that was not previously addressed by an appellate court.

■ Obviously, the law of the case doctrine would prevent relitigation of an "illegal sentence" argument that has been presented to and rejected by an appellate court. For example, on December 20, 1999, the Court of Appeals considered—and rejected—claims of two "lifers" who argued that they were serving sentences that had become *illegal* as a result of Governor Glendening's "Life Means Life" parole policy. *See State v. Kanaras*, 357 Md. 170, 742 A.2d 508 (1999), and *Herrera v. State*, 357 Md. 186, 742 A.2d 517 (1999). Maryland Rule 4–345(a) would not entitle either of those petitioners to relitigate the "illegal sentence" issue decided by the Court of Appeals. On the other hand, Md. Rule 4–345(a) would be meaningless if the law of the case doctrine were extended to sentences that could have been—but were not—challenged as illegal at the time an appellant filed his or her first appellate brief in this Court.

The *Garnett I* Court expressly stated that "[t]he issue of the constitutionality of imposing a criminal sanction upon a person found guilty but not criminally responsible ... is not before us, as Garnett has not raised it." 384 Md. at 475 n. 10, 863 A.2d 1007. Judge Wilner's concurring opinion in *Garnett I* concluded as follows:

> Garnett has not challenged the validity of the statutory construct that permits a court to enter a criminal penalty against someone who has been found not criminally responsible. That authorization is certainly inconsistent with the conclusion we reached in *Pouncey v. State*, 297 Md. 264, 269, 465 A.2d 475, 478 (1983), however, that a finding of not criminally responsible relieves the defendant of liability for punishment under the criminal law and that "[n]o criminal sentence may even be entered on the guilty verdict...." Indeed, imposition of a criminal penalty upon a person found not criminally responsible would raise serious Constitutional issues. Because those issues have not been raised in this case, the court has not considered them. They most certainly do lurk, however.

*Id.* at 482, 863 A.2d 1007. Under these circumstances, we conclude that the "law of the case" doctrine did not prohibit

the circuit court from considering the merits of appellee's "illegal sentence" claim.

## II.

The circuit court filed an OPINION AND ORDER that included the following findings and conclusions:

> This case comes before this Court on remand from the Court of Appeals and the Defendant's Motions to Dismiss the Plaintiff's Motion to Allow Garnishment of Wages and Correct an Illegal Sentence.
>
> *      *      *
>
> ### The Imposition of a Criminal Penalty Against a Not Criminally Responsible Defendant and the Constitutionality of Sections 11–601 and 11–603 of the Criminal Procedure Article
>
> The Legislature has provided that "[a] court may enter a judgment of restitution that orders a defendant . . . to make restitution in addition to any other penalty for the commission of a crime . . . if: (1) as a direct result of the crime . . . property of the victim was damaged." Md.Code Ann., Crim. Proc. § 11–603 (2001, 2004 Cum.Supp.). Section 11–601 defines a "defendant" for the purposes of restitution as a person "who has been found guilty of a crime, even if the defendant has been found not criminally responsible[.]" Ms. Garnett therefore qualifies as a "defendant" for the purposes of the statute.
>
> Maryland precedent has firmly established that "a defendant may be found both guilty and not criminally responsible for a crime so that the defendant does not stand convicted of a crime, and 'no criminal sentence may ever be entered on the guilty verdict.'" *State v. Garnett,* 384 Md. 466, 474[, 863 A.2d 1007] (2004) (quoting *Pouncey v. State,* 297 Md. 264, 268–69[, 465 A.2d 475] (1983) (explaining *Langworthy v. State,* 284 Md. 588, 598[, 399 A.2d 578] (1979))). A finding of not criminally responsible "relieves her of liability for punishment under the criminal law," *Pouncey v. State,* 297 Md. at 269[, 465 A.2d 475] (mother

found guilty of drowning her child); *see also Garnett,* 382[384] Md. at 482[, 863 A.2d 1007]. "[T]he clear legislative intent regarding the successful interposition of a plea of insanity is not that an accused is to be found not guilty of the criminal act it was proved he committed, but that he shall not be punished therefore." *Ford v. Ford,* 307 Md. 105, 114[, 512 A.2d 389] (1986) (citing *Langworthy v. State,* 284 Md. 588, 598[, 399 A.2d 578] (1979)).

The federal courts have consistently held that defendants found not criminally responsible or insane, cannot be punished either criminally or civilly for their conduct. The notion that we as a society do not punish a person found to be not criminally responsible is "so well-settled that no one questions it.... Only the guilty are to be punished." *Ragsdale v. Overholser,* 281 F.2d 943, 947 (D.C.Cir.1960) (*rev'd Lynch v. Overholser,* 369 U.S. 705[, 82 S.Ct. 1063, 8 L.Ed.2d 211] (1962) (quoting *Blunt v. United States,* 244 F.2d 355, 367 (D.C.Cir.1957))). The Court of Appeals for the District of Columbia Circuit has stated, "To punish a man who lacks the power to reason is as undignified and unworthy as punishing an inanimate object or an animal. A man who cannot reason cannot be subject to blame. Our collective conscience does not allow punishment where it cannot impose blame." *Holloway v. United States,* 148 F.2d 665, 666–67 (D.C.Cir.1945).

"Courts [have] recognized that no valid purpose would be furthered by holding the insanity-acquitee accountable for his acts. The insanity defense is a recognition that none of the theories which underlie our criminal law—prevention, restraint, rehabilitation, deterrence, education, and retribution—are furthered by punishing the insane." W. LaFave, A Scott, *Handbook on Criminal Law,* s 36 pp. 271–272; A. Goldstein, *The Insanity Defense,* pp. 11–15 (1967). The *Garnett* Court also expressed its similar view that the purposes of restitution are retributive, deterrent, and rehabilitative, goals which are achieved by forcing the defendant to focus on the harm caused and subjecting her to a monetary detriment which satisfied " 'society's demand for

meaningful justice.'" *Garnett,* 384 Md. at 475[, 863 A.2d 1007] quoting *Grey v. Allstate Insurance Company,* 363 Md. 445, 459–60[, 769 A.2d 891] (2001).

The Court is at a loss to determine how the imposition of a penal sanction upon a defendant whose mental state will not permit a finding of criminal responsibility will satisfy any penal goals. Section 12–108(a) of the Health General Article provides that, "[a] defendant is not criminally responsible for criminal conduct if, at the time of that conduct, the defendant, because of a mental disorder or mental retardation, lacks substantial capacity: (1) to appreciate the criminality of that conduct; (2) to conform that conduct to the requirements of the law." Md.Code Ann., Health–Gen. I § 12–108(a) (2000).

Is retribution proper against those who cannot conform their activities to the strictures of the law or appreciate the criminality of their conduct? How could any person similarly situated and mentally unable to appreciate the criminality of their conduct or conform their conduct to the mandates of the law possibly be deterred by the imposition of such a sanction? There is no deterrence of other mentally ill individuals by punishing another mentally ill individual. *Robinson v. California,* 370 U.S. 660, 668[, 82 S.Ct. 1417, 8 L.Ed.2d 758] (1962) (Douglas, J., concurring) (quoting Dr. Isaac Ray, *Treatise on the Medical Jurisprudence of Insanity* 56 (5th ed.1971)). How can society demand meaningful justice against a person found to be not criminally responsible when society has determined that the criminal punishment of the insane is so entirely unacceptable that it does not even bear reasonable discussion by the federal appellate courts? The punishment of the mentally ill simply cannot serve ... any useful example to the public at large. *Robinson,* 370 U.S. at 676[, 82 S.Ct. 1417] (quoting 6 *Coke's Third Inst.* 6 (4th Ed. 1797)).

The Defendant therefore reasonably questions, to the extent that the legislature has authorized the Court to impose restitution, a penal sanction, upon persons deemed not criminally responsible, whether that statute is constitu-

tional. Md.Code Ann., Crim. Proc. §§ 11–601, 603 (2001, 2004 Cum.Supp.).

The Court of Appeals unequivocally held the restitution ordered as a "criminal sanction, not a civil remedy," *State v. Garnett*, 384 Md. at 475[, 863 A.2d 1007] (quoting *Grey v. Allstate Insurance Company*, 363 Md. 445, 451[, 769 A.2d 891] (2001)). The Defendant's criminal responsibility for the acts in question was adjudicated, and the imposition of a criminal sanction would be equivalent to punishing the Defendant for a crime of which she had been acquitted. *See Gordon v. State*, 707 S.W.2d 626, 629–30 (Tex.Crim.App. 1986). This is a clear violation of the principles encompassed by the constitutional guarantees of the due process of law.

Levying a criminal sanction against a Defendant who has been determined to be not criminally responsible would also run afoul of the constitutional prohibitions against cruel and unusual punishment. "[T]he principle that would deny power to exact capital punishment for a petty crime would also deny power to punish a person by fine or imprisonment for being sick . . . [w]e would forget the teachings of the Eighth Amendment if we allowed sickness to be made a crime and permitted sick people to be punished for being sick." *Robinson*, 370 U.S. at 676, 678[, 82 S.Ct. 1417]. This the Court simply cannot permit.

Therefore, as Judge Wilner foresaw, this Court holds that the imposition of restitution as a criminal sanction on the Defendant, and the portions of the statute authorizing such an imposition, constitute denials of the due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article 24 of the Maryland Declaration of Rights, and violations of the prohibition on cruel and unusual punishment mandated by the Eighth Amendment to the Constitution of the United States and Article 25 of the Maryland Declaration of Rights.

It is therefore **ORDERED** this *27* day of June, 2005, by the Circuit Court for Wicomico County, that the Plaintiff's Motion to Allow Garnishment of Wages be and hereby is

**DISMISSED** and the Defendant's Motion to Correct an Illegal Sentence be and hereby is **GRANTED.**

(footnotes omitted).

■ According to appellant, the holding in *Pouncey* is no longer controlling because of the legislative changes to the restitution laws that resulted from the passage of the Victims' Rights Act of 1997 (Chapters 311 and 312 of the 1997 LAWS OF MARYLAND), in which the definition of "defendant" was expanded to include any person who has been found guilty of a crime, regardless of whether the defendant has been found not criminally responsible. The legislative history shows that when the act was introduced (as Senate Bill 173, and House Bill 768), § 805A of Article 27 would be amended to include the following definition:

(F) "DEFENDANT" MEANS ANY PERSON WHO HAS:

(1) RECEIVED PROBATION BEFORE JUDGMENT;

(2) BEEN FOUND TO HAVE COMMITTED A DELIN-QUENT ACT;

(3) BEEN FOUND GUILTY OF A CRIME, REGARD-LESS OF WHETHER THE DEFENDANT HAS BEEN FOUND NOT CRIMINALLY RESPONSIBLE BY REASON OF INSANITY; OR

(4) ANY PERSON WHOSE PLEA OF NOLO CONTEN-DERE TO A CRIME HAS BEEN ACCEPTED BY THE COURT.

In the bills that ultimately passed, however, the words "by reason of insanity" were deleted from § 805A(f)(3). The following definition appears in Chapters 311 and 312 of the 1997 LAWS:

"DEFENDANT" MEANS ANY PERSON WHO HAS:

(1) RECEIVED PROBATION BEFORE JUDGMENT;

(2) BEEN FOUND TO HAVE COMMITTED A DELIN-QUENT ACT;

(3) BEEN FOUND GUILTY OF A CRIME, REGARD-LESS OF WHETHER THE DEFENDANT HAS

BEEN FOUND NOT CRIMINALLY RESPONSIBLE
~~BY REASON OF INSANITY;~~ OR

(4) ANY PERSON WHOSE PLEA OF NOLO CONTEN-
DERE TO A CRIME HAS BEEN ACCEPTED BY
THE COURT.

The Victims' Rights Act of 1997 contains an extensive
"purpose" clause that does not include a statement of intent to
overrule the holding in *Pouncey*, and nothing in the bill files
indicates that the General Assembly intended to take such
action.[1] Under these circumstances, in which there is an
affirmative finding that appellee was not criminally responsi-
ble by reason of insanity, we shall (1) follow the holding in
*Pouncey*, under which no sentence of restitution should have
been imposed on appellee, and (2) conclude that the illegal
sentence of restitution was appropriately corrected pursuant
to Md. Rule 4–345(a).

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE
COSTS.**

---

1. We recognize "that not all legislative history has equal value in the
court's exercise of assigning probabilities to various statutory read-
ings." Jack Schwartz and Amanda Conn, *The Court of Appeals at the
Cocktail Party: The Use and Misuse of Legislative History*, 54 Md. L.Rev.
432, 437 (1995). We note, however, that the first statute in which the
definition of "defendant" included "a person found not criminally
responsible for criminal conduct under . . . the Health–General Article"
was Maryland's "Son of Sam" statute, enacted in 1987 "to prevent
criminals from profiting from their own crimes through 'notoriety of
crimes contracts[.]' " *Curran v. Price*, 334 Md. 149, 154, 638 A.2d 93
(1994). That statute is now codified at Md.Code, Criminal Procedure,
§§ 11–621 through 11–633. There is obviously a distinction between
(1) a statute that prohibits a person found "guilty" but "not criminally
responsible" from realizing a profit from his or her crime, and (2) a
statute that imposes a restitution obligation on a person found "guilty"
but "not criminally responsible."